IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD LaROYCE LEONARD,

    Plaintiff,                               No. CIV S-06-2236 MCE GGH P

    vs.

LT. M. AMARO, et al.,

    Defendants.                        FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is state prisoner proceeding pro se with a civil rights action. For the following reasons, the court recommends that this action be dismissed. 28 U.S.C. § 1915(e)(2)(court may dismiss action at any time if it fails to state claim upon which relief may be granted).

        On November 9, 2006, the court granted plaintiff thirty days to file an amended complaint. On November 22, 2006, plaintiff filed a document which the court construes as the amended complaint.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.

4  A complaint, or portion thereof, should only be dismissed for failure to state a
5  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
6  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
7  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
8  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13 The court finds the allegations in plaintiff's amended complaint so vague and
14 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
15 claim for relief.  The court has determined that the complaint does not contain a short and plain
16 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
17 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
18 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
19 must allege with at least some degree of particularity overt acts which defendants engaged in that
20 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
21 R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  Because it does not appear that
22 plaintiff can cure these pleading defects, the court recommends that this action be dismissed.

23 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

24 These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
26 days after being served with these findings and recommendations, plaintiff may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).
5  DATED: 12/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
leo2236.56